IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LYDDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALFONSO ROCHA-ALBERTSEN<br>AND HILARIO ALONSO CUELLAR<br>ABUNDIZ, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:03-cv-5502 OWW TAG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT HILARIO ALONSO CUELLAR-ABUNDIZ TO ATTEND HIS DEPOSITION; ORDER TO PRODUCE DOCUMENTS; AND ORDER AWARDING ATTORNEY'S FEES<br><br>(Doc. 107) |

On August 1, 2005, Plaintiff filed a motion with the Court requesting the following action: (1) an order compelling Defendant Hilario Alonso Cuellar-Abundiz ("Defendant Cuellar-Abundiz") to attend his deposition; and (2) an order requiring Defendants to pay Plaintiff $5,515.00 as reasonable costs and attorney's fees incurred by Plaintiff in connection with this proceeding. (Doc. 107). At the time of the hearing on the motion on September 6, 2005, counsel for Plaintiff withdrew his request for Defendants to pay $1,515.00 in costs but maintained his request for attorney's fees in the amount of $4,000.00

Defendants failed to respond to or otherwise oppose Plaintiff's motion, and did not appear at the September 6, 2005 hearing on the motion.

### BACKGROUND

On May 24, 2004 Plaintiff served deposition notices on Defendants setting the deposition of Defendant Cuellar-Abundiz at 9:00 a.m. on July 16, 2004 and the deposition of Defendant Alfonso Rocha-Albertsen ("Defendant Rocha-Albertsen") at 1:30 p.m. on July 16, 2004. (Doc. 107, Attach.

1

2, Exh. 1).

On July 13, 2004, Plaintiff received correspondence from Defendants' counsel indicating that they would not appear at the July 16, 2004 deposition.  (Doc. 107, Attach. 2, Exh. 2).  On August 25, 2004, Plaintiff subsequently reset Defendants' depositions for September 27, 2004.  (Doc. 107, Attach. 2, Exh. 5).  Defendants objected to the rescheduled depositions and, on September 23, 2004, indicated they would refuse to appear at the September 27, 2004 depositions.  (Doc. 107, Attach. 2, Exh. 7).

On September 24, 2004, Plaintiff's counsel sent a letter to the Honorable Oliver W. Wanger, District Judge, United States District Court for the Eastern District of California,  requesting his assistance to resolve the discovery issue.  (Doc. 107, Attach. 2, Exh. 10).  On September 24, 2004, District Judge Wanger held a telephonic conference with appearances from counsel for Plaintiff, Roger K. Vehrs, Esq., and counsel for Defendants, Diana R. Griffiths, Esq.  (Doc. 107, Attach. 2, Exh. 11).  District Judge Wanger ordered the depositions to go forward as noticed, i.e., at 9:00 a.m. on September 27, 2004, in Tijuana, Mexico for Defendant Cuellar-Abundiz and at 1:30 p.m. on September 27, 2004, in Tijuana, Mexico for Defendant Rocha-Albertsen.  (Doc. 103).

Plaintiff's counsel represents that he arrived in Tijuana, Mexico on September 27, 2004, but that Defendant Cuellar-Abundiz was not available for his 9:00 a.m. deposition.  (Doc. 107, Attach. 1, p. 2).  Plaintiff's counsel declares that he waited approximately one hour for Defendant Cuellar-Abundiz to arrive and was later told that he would not appear.  ( Doc. 107, Attach. 1, p. 2).  The deposition of Defendant Rocha-Albertson was conducted as scheduled at 1:30 p.m. on September 27, 2004.  (Doc. 107, Attach. 1, pp. 2-3).

On October 5, 2004, Plaintiff's counsel sent a letter to Defendants' counsel memorializing Defendant Cuellar-Abundiz' failure to appear at his scheduled deposition.  (Doc. 107, Attach. 2, Exh. 12).  On October 28, 2004, Plaintiff's counsel sent a letter to Defendants' counsel requesting a response to his October 5, 2004 letter and indicating his intent to file a motion to compel Defendant Cuellar-Abundiz' presence at a new deposition.  (Doc. 107, Attach. 2, Exh. 13).

Plaintiff's counsel declares in his August 1, 2005 motion to compel that he has not been provided with an explanation for Defendant Cuellar-Abundiz's failure to appear at his deposition,

2

Defendants' counsel has not voluntarily produced him, and Plaintiff's counsel has not received any communication from Defendants' counsel as to his intentions. (Doc. 107, Attach. 1, p. 3).

Plaintiff requests $4000.00 in attorney fees due to Defendant Cuellar-Abundiz's failure to appear at his 9:00 a.m. deposition on September 27, 2004 in Tijuana, Mexico.[1] (Doc. 107, Attach. 1, p. 4).

## DISCUSSION

Fed. R. Civ. P. 37(d) provides that if a party fails to appear for a properly noticed deposition, "the court in which the action is pending on motion may make such orders in regard to the failure as are just." "In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d). "If a deponent fails to be sworn . . . after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court." Fed. R. Civ. P. 37(b)(1).

On September 24, 2004, District Judge Wanger ordered the deposition of Defendant Cuellar-Abundiz to go forward as noticed, at 9:00 a.m. on September 27, 2004, in Tijuana, Mexico. (Doc. 103). However, on September 27, 2004, Defendant Cuellar-Abundiz failed to appear for his deposition. (Doc. 107, Attach. 1, p. 2). Accordingly, Defendant Cuellar-Abundiz failed to appear for a properly noticed deposition after being ordered to do so by the District Court. The undersigned finds that the failure to appear was not substantially justified, and Defendants have not shown circumstances making an award of expenses unjust. Accordingly, Plaintiff is entitled to recover attorney's fees of $4,000.00 for Defendant Cuellar-Abundiz' failure to appear at his deposition.

## CONCLUSION

Plaintiff's motion to compel Defendant Cuellar-Abundiz' appearance at a new deposition is GRANTED, and Defendant Cuellar-Abundiz is ordered to appear for his deposition on September 22, 2005, at 9:00 a.m. at the Hotel Lucerna, Blvd. Paseo de los Heroes Y, Tijuana, 22320, MX, and

---

[1] As indicated above, at the time of the September 6, 2005 hearing on the motion, counsel for Plaintiff withdrew his request for $1,515.00 in costs, but maintained his request for $4,000.00 in attorney's fees.

to produce the following documents at such deposition, referred to collectively as the "identified documents":

    (a)  The original promissory note alleged to be owing between Plaintiff and Defendant;

    (b)  Any copies of said promissory note which bear or have any handwritten notes upon them;

    (c)  Copies of any and all documents that represent any financial transactions by Defendant Cuellar-Abundiz to purchase a promissory note from Defendant Rocha-Albertsen;

    (d)  Copies of any invoices or bills evidencing any monies that would be owed to Defendant Rocha-Albertsen for legal services provided to Plaintiff; and

    (e)  Copies of any contracts or other written documents that evidence a written agreement to pay Defendant Cueller-Abundiz fees for legal services in connection with Plaintiff's business interest in the United States or Mexico.

Further, Defendant Cuellar-Abundiz is ordered to pay $4,000.00 to Plaintiff no later than twenty (20) days from the date of this Order.

**Defendant Cuellar-Abundiz and his counsel are admonished that Defendant Cueller-Abundiz's failure to comply with this Order by failing to attend his deposition on September 22, 2005, by failing to produce the identified documents at such deposition, or by failing to timely pay Plaintiff the sum of $4,000.00, will result in this Court's recommendation to the District Court that issue and/or terminating sanctions be issued against Defendant Cuellar-Abundiz for his failure obey a court order under Fed. R. Civ. P. 37(b)(2). Such sanctions may include an order striking Defendant Cuellar-Abundiz's answer and entering his default judgment.**[2]

///

---

[2] Pursuant to Fed. R. Civ. P. 37(b)(2), if a party "fails to obey an order to provide or permit discovery" a court "may make such orders in regard to the failure as are just," including to:

    A.    Designate facts as established;
    B.    Refuse to allow the disobedient party to support or oppose designated claims or defenses, or prohibit the disobedient party from introducing designated matters in evidence;
    C.    Strike out pleadings or parts thereof, stay further proceedings until an order is obeyed, or dismiss an action, proceeding or any part thereof; or **render judgment by default;** and
    D.    Treat the failure to obey as a contempt of court.

**ORDERS**

1. Plaintiff's motion to compel Defendant Cuellar-Abundiz' appearance at a new deposition (Court Doc. 107) is GRANTED.

2. Defendant Cuellar-Abundiz is ordered to appear for his deposition on September 22, 2005, at 9:00 a.m. at the Hotel Lucerna, Blvd. Paseo de los Heroes Y, Tijuana, 22320, MX, and to produce the identified documents at such deposition.

3. Defendant Cuellar-Abundiz is ordered to pay $4,000.00 to Plaintiff no later than twenty (20) days from the date of this Order.

IT IS SO ORDERED.

**Dated:    September 7, 2005**                      **/s/ Theresa A. Goldner**
j6eb3d                                                          UNITED STATES MAGISTRATE JUDGE

5