IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARTHUR LYDDON, <br><br> Plaintiff, <br><br> v. <br><br> ALFONSO ROCHA-ALBERTSEN and HILARIO ALONSO CUELLAR ABUNDIZ, <br><br> Defendants. | Case No. 1:03-cv-05502 OWW TAG <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ADDITIONAL SANCTIONS** <br><br> (Doc. 119) |

On October 31, 2005, the Court conducted a hearing on Plaintiff's Motion for Additional Sanctions Against Defendant for his Failure to Obey Previous Court Order to Pay Sanctions and Produce Document at Deposition. (Doc. 119). Defendant Hilario Alonso Cuellar Abundiz ("Cuellar-Abundiz") appeared in person at the hearing with his counsel. At the hearing and in the presence of Defendant Cuellar-Abundiz and his counsel, the Court made specific orders from the bench directing Defendant Cuellar-Abundiz to attend a continued deposition on December 2, 2005, to produce documents at the continued deposition, and to pay sanctions. Plaintiff's counsel was directed to submit a proposed form of written order to the Court.

Plaintiff's counsel failed to submit a proposed form of written order until December 20, 2005, weeks after the date had passed for the continued deposition of Defendant Cuellar-Abundiz, and after the deadline for the payment of sanctions. Moreover, the proposed order did not accurately reflect the Court's orders made on October 31, 2005.  Accordingly, the Court hereby makes the following written orders to reflect the Court's orders made on October 31, 2005.  The Court recognizes that the following written orders are retrospective in the sense that they relate to dates

1

1 which have already passed.  However, the Court can do nothing about the fact that Plaintiff failed to
2 submit a proposed order before the dates of the events ordered at the hearing, i.e., the date of the
3 continued deposition and the deadline for payment of sanctions.

**Discovery Orders**

5   1.   Defendant Cuellar-Abundiz IS ORDERED to attend his continued deposition on
6 December 2, 2005 at 10:00 a.m. at the Hotel Lucerno, Boulevard Paseo de los Heroes Y, in Tijuana,
7 Mexico (the "Continued Deposition"), and to produce the documents described below at his
8 Continued Deposition.

9   2.   In an Order dated September 7, 2005, the Court ordered Defendant Cuellar-Abundiz
10 to appear for his deposition on September 22, 2005 and to produce certain categories of documents
11 at his deposition. (Doc. 109) . Defendant Cuellar-Abundiz appeared for his deposition as ordered,
12 but failed to produce all of the documents as directed by the Court in its Order dated September 7,
13 2005. Specifically, Defendant Cuellar-Abundiz failed to produce categories (d) and (e) described in
14 the September 7, 2005 Order.

15   A.   Category (d) includes copies of invoices or bills evidencing any money that
16 would be owed to Defendant Alfonso Rocha-Albertson for legal services provided to Plaintiff.  At
17 the hearing on October 31, 2005, Defendant Cuellar-Abundiz represented that these documents were
18 in his archives.  Defendant Cuellar-Abundiz IS ORDERED to produce the following documents at
19 his Continued Deposition:  copies of invoices or bills evidencing any money that would be owed to
20 Defendant Alfonso Rocha-Albertson for legal services provided to Plaintiff.

21   B.   Category (e) includes copies of any contracts or other written documents that
22 evidence a written agreement to pay Defendant Cuellar-Abundiz for legal services in connection
23 with Plaintiff's business interests in the United States or Mexico.  At the hearing on October 31,
24 2005, Defendant Cuellar-Abundiz represented that "some mail" may exist pertaining to this category
25 of documents.   Defendant Cuellar-Abundiz IS ORDERED to produce the following documents at
26 his Continued Deposition: copies of any contracts or other  written documents that evidence a
27 written agreement to pay Defendant Cuellar-Abundiz for legal services in connection with Plaintiff's

1  business interests in the United States or Mexico.

2       3.   In addition to the foregoing, Defendant Cuellar-Abundiz IS ORDERED to produce
3  the following documents at his Continued Deposition: Defendant Cuellar-Abundiz's true and
4  complete calendar for the dates of September 24, 2002, September 27, 2004 and February 18, 2003,
5  redacted to the extent necessary to exclude any of his clients whom he is representing as counsel,
6  other than the names Clyde Fredrickson, John Lyddon and Alfonso Rocha-Albertson

7       4.   Finally, Defendant Cuellar-Abundiz IS ORDERED to produce the following
8  additional documents at his Continued Deposition: all billing statements for work performed by
9  Defendant Cuellar-Abundiz for Defendant Alfonso Rocha-Albertson for the years 2001, 2002, 2003
10 and 2004, redacted to exclude any matters that are subject to the attorney-client privilege but which
11 shall include the dates of the work performed, the time spent and the amounts charged.

12                                    **Sanction Orders**

13      5.   In its Order dated September 7, 2005, the Court ordered Defendant Cuellar-Abundiz
14 to pay Plaintiff the sum of $4,000 within 20 days from the date of the Order. (Doc. 109). The
15 $4,000 represented Plaintiff's attorney's fees. Defendant Cuellar-Abundiz failed to pay the $4,000
16 as ordered by the Court. Defendant Cuellar-Abundiz IS ORDERED to pay the $4,000 directly to
17 Plaintiff's attorney no later than November 4, 2005. If the $4,000 is not paid in full and as ordered,
18 Defendant Cuellar-Abundiz IS FURTHER ORDERED to pay to Plaintiff, as an additional sanctions,
19 the sum of $500 for each day after November 4, 2005 that the $4,000 remains unpaid.

20      6.   Defendant Cuellar-Abundiz has repeatedly failed to comply with this Court's orders.
21 Defendant Cuellar-Abundiz failed to produce documents as ordered by the Court, and he failed to
22 pay attorney's fees as ordered by the Court. Sanctions are appropriate with respect to the instant
23 motion. (Doc. 119). Defendant Cuellar-Abundiz IS ORDERED to pay Plaintiff the sum of $1,000,
24 representing Plaintiff's attorney's fees incurred for the instant motion. Defendant Cuellar-Abundiz
25 shall pay the $1,000 to Plaintiff's attorney within ten (10) days from the date of this Order.

26      7.   Defendant Cuellar-Abundiz IS FURTHER ORDERED to pay Plaintiff's additional
27 attorney's fees and deposition costs, representing the amount of Plaintiff's attorney's fees to travel to

28                                        3

and from Tijuana, Mexico for Defendant Cuellar-Abundiz's Continued Deposition on December 2, 2005, plus the amount of all interpreter, translator and reporter fees for the Continued Deposition. Defendant Cuellar-Abundiz is not ordered to pay Plaintiff's attorney's fees incurred at the Continued Deposition itself.  The amount of attorney's fees for travel and the amount of deposition costs shall be determined by way of a noticed motion filed by Plaintiff, which shall include supporting declaration(s) and documentation.

8. In the Order dated September 7, 2005, Defendant Cuellar-Abundiz and his counsel were admonished that Defendant Cuellar-Abundiz's failure to comply with the Court's Order by failing to attend his deposition, by failing to produce the identified documents at such deposition, or by failing to timely pay Plaintiff the sum of $4,000, would result in this Court's recommendation to the District Court that issue and/or terminating sanctions be issued against Defendant Cuellar-Abundiz for his failure to obey a Court order. Defendant Cuellar-Abundiz and his counsel were further admonished that such sanctions might also include an order striking his answer and entering his default judgment.

**Defendant Cuellar-Abundiz and his counsel are again admonished that Defendant Cuellar-Abundiz's failure to comply with this Court's Order by failing to attend his Continued Deposition as ordered herein, by failing to produce the identified documents at the Continued Deposition, or by failing to timely pay Plaintiff all sums ordered pursuant to this Order, will result in a recommendation to the District Court that issue and/or terminating sanctions be issued against Defendant Cuellar-Abundiz for his failure to obey a court order under Fed.R.Civ.P. 37(b)(2).  Such sanctions may include an order striking Defendant Cuellar-Abundiz's answer and entering his default judgment.**

IT IS SO ORDERED.

Dated:   **January 27, 2006**              /s/ Theresa A. Goldner
**j6eb3d**                                   UNITED STATES MAGISTRATE JUDGE