**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN LYDDON,** | **1:03-CV-05502 OWW TAG** |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AND ATTORNEYS FEES** |
| v. | |
| **ALFONSO ROCHA-ALBERTSEN, et al.,** | |
| Defendants. | |

### 1. INTRODUCTION

This is a dispute between Plaintiff John Arthur Lyddon ("Lyddon") and two attorneys, Hilario Alonso Cuéllar Abúndiz ("Cuéllar") and Alfonso Rocha-Albertsen ("Rocha"), who represented Lyddon during the course of a land transaction in Mexico. Before the court for decision is Plaintiff's sanctions motion against Defendant Cuéllar for failure to appear at his court ordered deposition.

### 2. PROCEDURAL BACKGROUND

This motion was originally set for hearing on February 27, 2006 along with several other sanctions motions, motions in limine, and motions for summary judgment. (Minute Order, January 1, 2006). At the end of the February 27th hearing, motions in limine and this motion for sanctions were still pending. Another hearing on these matters was set for April 21, 2006. The April 21 hearing was rescheduled to April 26, 2006 due to the

1

unavailability of the court.  At the April 26 hearing, rulings were made on the motions in limine but not Plaintiff's sanctions motion.  The sanctions motion was renewed at the close of the bench trial and set for hearing on May 16, 2006.

### 3. **FACTUAL BACKGROUND**

On August 1, 2005 Plaintiff made a motion to compel Defendant Cuéllar's appearance for deposition after he failed to appear at a deposition initially arranged in Tijuana, Mexico on September 27, 2004.  (Doc. 107.)  In his motion Plaintiff requested monetary sanctions to cover the expenses counsel incurred in a fruitless trip to Mexico.  (*Id.*)  Magistrate Judge Goldner issued an order compelling defendant Cuéllar to appear at a new deposition[1].  (Doc. 109, filed Sept. 8, 2005.)  Defendant Cuéllar was ordered to pay $4,000.00 to Plaintiff and was issued the following warning:

> Defendant Cuéllar-Abundiz and his counsel are admonished that Defendant Cuéllar-Abundiz's failure to comply with this Order by failing to attend his deposition on September 22, 2005, by failing to produce the identified documents at such deposition, or by failing to timely pay Plaintiff the sum of $4,000.00, will result in this Court's recommendation to the District Court that issue and/or terminating sanctions be issued against Defendant Cuéllar-Abundiz for his failure obey a court order under Fed. R. Civ. P. 37(b)(2). Such sanctions may include an order striking Defendant Cuéllar-Abundiz's answer and entering his default judgment.

(Doc. 109 at 4.)

On September 2, 2005 Plaintiff deposed Defendant Cuéllar but

---

[1] The order also compelled Cuéllar to produce several documents for discovery.

**2**

Cuéllar did not produce all documents called for.  Plaintiff was also frustrated by Cuéllar's refusal to answer questions on advice of his counsel.  In addition, Defendant apparently failed to pay the $4,000.00 sanction as previously ordered by the court.

Plaintiff filed another motion for sanctions, requesting a court order that Cuéllar complete the production of documents and answer the objected to deposition questions.  (Doc. 119-1, filed Oct. 11, 2005.)  Plaintiff also requested an additional $4,000.000 in sanctions to cover the cost of an anticipated second deposition of Cuéllar in Tijuana, Mexico.

The magistrate judge granted this motion for additional sanctions, specifically identifying the documents Cuéllar failed to produce in response to the previous court order, and ordering him to produce those documents, along with certain others.  (Doc. 159, filed January 27, 2006.)  Cuéllar was ordered to pay the past-due $4,000.00 in sanctions by November 4, 2005 and, if the $4,000.00 was not paid by that date, an additional $500 per day for each day after November 4 that the $4,000.00 remained unpaid. (Id.)  The magistrate judge again admonished defendant Cuéllar for his repeated failures to comply with orders of the court. Cuéllar was ordered to pay an additional $1,000.00 sanction and compensate Plaintiff for attorney's fees and deposition costs incurred in attending Cuéllar's continued deposition.  (Id.) Once again, Cuéllar and his counsel were warned:

> Defendant Cuéllar-Abundiz and his counsel are again admonished that Defendant Cuéllar-Abundiz's failure to comply with this Court's Order by failing to attend his Continued Deposition as ordered herein, by failing to produce the identified documents at the Continued Deposition, or by failing to timely

**3**

>                    pay Plaintiff all sums ordered pursuant to
>                    this Order, will result in a recommendation
>                    to the District Court that issue and/or
>                    terminating sanctions be issued against
>                    Defendant Cuéllar-Abundiz for his failure to
>                    obey a court order under Fed.R.Civ.P.
>                    37(b)(2). Such sanctions may include an order
>                    striking Defendant Cuéllar- Abundiz's answer
>                    and entering his default judgment.

At issue is whether Cuéllar complied with Magistrate Goldner's order to pay sanctions to Plaintiff.

## 4.  **DISCUSSION**

Defendant Cuéllar has filed an opposition to pay any further sanctions in this matter. However, Judge Goldner has already sanctioned Cuéllar and ordered him to pay in her January 27, 2006 order. In his opposition, Cuéllar claims that he complied with Judge Goldner's September 6, 2005 order to pay $4,000.00 to plaintiff. Defendant Cuéllar states that the money was paid by wire to an account number provided by Plaintiff's attorney. He further claims that an additional $1,000 was paid by cashiers check to Plaintiff's attorney. Plaintiff's attorney confirmed at the hearing on this motion that Defendant Cuéllar did, in fact, pay these amounts. The remaining outstanding fees are the attorney's fees for Defendant's failure to appear at his deposition on September 27, 2004 in Tijuana, Mexico.

Defendant Cuéllar argues that the amount estimated by Plaintiff's attorney for his travel costs relating to this deposition is excessive and unreasonable and should be reduced. Plaintiff's attorney's fees must be calculated according to the reasonable commercial rates of travel and expenses, and the prevailing rates for comparably qualified attorneys. Based on reasonable commercial rates, the parties agreed in open court

that Plaintiff is entitled to the following attorney's fees and expenses:

| | |
|---|---:|
| **One Night Accommodation at Hotel Lucerna in Tijuana, Mexico:** | **$90.00** |
| **Cost of Spanish Interpreter:** | **$750.00** |
| **Cost of Deposition Transcript:** | **$1,786.50** |
| **Cost of Deposition Videographer:** | **$792.50** |
| **Attorneys Fees for Travel Time and Deposition:** | **$2,500.00** |
| **Total Amount of Attorney's Fees and Expenses:** | **$5,919.00** |

Defendant Cuéllar's failure to timely pay this amount will result in an order striking his testimony and entering a default judgment against him.

### 5.   CONCLUSION

Plaintiff's motion for payment of sanctions and attorney's fees is **GRANTED**.  Defendant Cuéllar-Abundiz must pay **$5,919.00** for sanctions pursuant to the provisions of Fed. R. Civ. P. 37(b)(2) by cashiers or certified check to Roger K. Vehrs, Esq. on or before **May 25, 2006.**

**SO ORDERED**

May 31, 2006                                    /s/ OLIVER W. WANGER

                                        **OLIVER W. WANGER**
                                 **United States District Judge**