# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LYDDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALFONSO ROCHA-ALBERTSEN, et al.,<br><br>　　　　　Defendants. | 1:03-CV-05502 OWW TAG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS |

### 1. INTRODUCTION

This is a dispute between Plaintiff John Arthur Lyddon ("Lyddon") and two attorneys, Hilario Alonso Cuéllar Abúndiz ("Cuéllar") and Alfonso Rocha-Albertsen ("Rocha"), who represented Lyddon in various legal matters in Mexico.  Before the court for decision is Plaintiff's post trial motion to strike Cuéllar's trial testimony.  This motion is more properly treated as a sanctions motion against Defendant Cuéllar for continued failure to pay court-ordered sanctions, the latest issued on May 31, 2006.

### 2. PROCEDURAL BACKGROUND

On May 16, 2006 the court issued an order granting Plaintiff's motion for sanctions and attorneys fees.  (Doc. 236, Order Granting Plaintiff's Mot. for Sanctions, Filed May 31, 2005).  Plaintiff filed a motion to strike the testimony of Cuéllar on May 31, 2006.  (Doc. 237, Mot. to Strike Testimony,

1

1  Filed May 31, 2006).  Defendant Cuéllar opposes the motion.
2  (Doc. 239-1, Opp. to Mot. to Strike Testimony, Filed July 3,
3  2006).

### 3. **FACTUAL BACKGROUND**

On August 1, 2005 Plaintiff made a motion to compel Defendant Cuéllar's appearance for his deposition after Cuéllar failed to appear at a noticed deposition initially arranged in Tijuana, Mexico on September 27, 2004.  (Doc. 107., Mot. to Compel)  In his motion Plaintiff requested monetary sanctions to cover the expenses counsel incurred in a fruitless trip to Mexico.  (*Id.*)  Magistrate Judge Goldner issued an order compelling defendant Cuéllar to appear for a new deposition.[1]  (Doc. 109, Order, filed Sept. 8, 2005.)  Defendant Cuéllar was ordered to pay $4,000.00 to Plaintiff and was issued the following warning:

> Defendant Cuéllar and his counsel are admonished that Defendant Cuéllar-Abundiz's failure to comply with this Order by failing to attend his deposition on September 22, 2005, by failing to produce the identified documents at such deposition, or by failing to timely pay Plaintiff the sum of $4,000.00, will result in this Court's recommendation to the District Court that issue and/or terminating sanctions be issued against Defendant Cuéllar for his failure to obey a court order under Fed. R. Civ. P. 37(b)(2).  Such sanctions may include an order striking Defendant Cuéllar's answer and entering his default judgment.

(Id. at 4.)

On September 2, 2005 Plaintiff deposed Defendant Cuéllar but

---

[1] The order also compelled Cuéllar to produce several documents for discovery.

**2**

Case 1:03-cv-05502-OWW-TAG   Document 254   Filed 10/27/06   Page 3 of 7

1  Cuéllar did not produce all documents ordered to be produced.
2  Cuéllar's deposition was also frustrated by Cuéllar's refusal to
3  answer questions on advice of his counsel.  In addition,
4  Defendant apparently failed to pay the previously court-ordered
5  $4,000.00 sanctions.
6      Plaintiff filed another motion for sanctions, requesting a
7  court order compelling Cuéllar to complete the production of
8  documents and answer the objected to deposition questions.  (Doc.
9  119-1, Mot. for Sanctions, Filed October 11, 2005.)  Plaintiff
10 also requested an additional $4,000.00 in sanctions to cover the
11 cost of the anticipated second follow-up, deposition of Cuéllar
12 in Tijuana, Mexico.
13     The magistrate judge granted this motion for additional
14 sanctions, specifically identifying the documents Cuéllar failed
15 to produce in response to the previous court order, and ordering
16 him to produce those documents, along with certain others.  (Doc.
17 159, Order Granting Plaintiff's Mot. for Sanctions, Filed January
18 27, 2006.)  Cuéllar was ordered to pay the past-due $4,000.00 in
19 sanctions by November 4, 2005 and, if the $4,000.00 was not paid
20 by that date, an additional $500.00 per day for each day after
21 November 4 that the $4,000.00 remained unpaid.  (Id.)  The
22 magistrate judge again admonished defendant Cuéllar for his
23 repeated failures to comply with orders of the court.  Cuéllar
24 was ordered to pay an additional $1,000.00 sanction and
25 compensate Plaintiff for attorney's fees and deposition costs
26 incurred in attending Cuéllar's continued deposition.  (Id.)
27 Once again, Cuéllar and his counsel were warned:
28         Defendant Cuéllar and his counsel are again

**3**

          admonished that Defendant Cuéllar's failure to comply with this Court's Order by failing to attend his Continued Deposition as ordered herein, by failing to produce the identified documents at the Continued Deposition, or by failing to timely pay Plaintiff all sums ordered pursuant to this Order, will result in a recommendation to the District Court that issue and/or terminating sanctions be issued against Defendant Cuéllar for his failure to obey a court order under Fed.R.Civ.P. 37(b)(2). Such sanctions may include an order striking Defendant Cuéllar's answer and entering his default judgment.

At a hearing on May 16, 2006 Cuéllar claimed that he complied with Judge Goldner's September 6, 2005 order to pay $4,000.00 to Plaintiff. (Doc. 236, Order Granting Plaintiff's Motion for Sanctions, Filed May 31, 2006). Defendant Cuéllar states that the money was paid by wire to an account number provided by Plaintiff's attorney. (Id.) He further claims that an additional $1,000 was paid by cashiers check to Plaintiff's attorney. (Id.) Plaintiff's attorney confirmed at the hearing on this motion that Defendant Cuéllar did, in fact, pay these amounts, totaling $5,000.00. (Id.) However, there still remained unpaid attorney's fees for Defendant's failure to appear at his deposition on September 27, 2004 in Tijuana, Mexico. (Id.) Plaintiff's attorney's fees were calculated according to the reasonable commercial rates of travel and expenses, and the prevailing rates for comparably qualified attorneys. (Id.) A dispute as to the amount of the charges was resolved based on reasonable commercial rates of travel and lodging according to the parties' agreement in open court that Plaintiff is entitled to the following attorney's fees and expenses:

**4**

| | |
|---|---:|
| **One Night Accommodation at Hotel Lucerna in Tijuana, Mexico:** | **$90.00** |
| **Cost of Spanish Interpreter:** | **$750.00** |
| **Cost of Deposition Transcript:** | **$1,786.50** |
| **Cost of Deposition Videographer:** | **$792.50** |
| **Attorneys Fees for Travel Time and Deposition:** | **$2,500.00** |
| **Total Amount of Attorney's Fees and Expenses**: | **$5,919.00** |

Cuéllar was ordered to pay this amount by May 25, 2006 by cashiers or certified check to Roger K. Vehrs, Esq. Cuéllar has not paid this amount, to date.

### 4. DISCUSSION

Cuéllar argues that he has not paid the $5,919.00 amount because he does not have the money to pay it. As proof of his lack of funds, Cuéllar has submitted a copy of his bank statement which indicates that he only has $19.00 as of his last monthly statement. (Doc. 239-3, Dec. of Cuéllar, Exhibit, Filed May 31, 2006). Cuéllar argues that his failure to comply with the sanctions order was not due to willfulness, bad faith, or other fault. He further argues that his testimony should not be stricken on account of his personal economic difficulties to pay the sanctions. Instead, Cuéllar argues that the court should enter the $5,919.00 as a judgment against him so that he could make payments on the judgment.

Fed. R. Civ. P. 37 permits the district court, in its discretion, to enter a default judgment against a party who fails to comply with an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(C). In deciding whether a sanction of dismissal or

default for noncompliance with discovery is appropriate, the district court must weigh five factors before declaring a default: 1) the public's interest in expeditious resolution of litigation 2) the court's need to manage its docket 3) the risk of prejudice to the other party 4) the public policy of favoring the disposition of cases on their merits and 5) the availability of less drastic sanctions. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). In addition, in order to enter default as a sanction, the court must find willfulness or bad faith. (Id.)

Litigation between the parties has been ongoing since 2003. This litigation has been bogged down by a series of Rule 12 motions, four subsequent amendments to the complaint, and countless discovery disputes.  It is in the public's interest that a final resolution on the merits be reached in this case, which has been decided following a bench trial.  Cuéllar's testimony during trial provides critical evidence that speaks to the ultimate resolution of issues raised in the case.  There is a high risk of prejudice to all parties if Cuéllar's testimony is stricken.  Alternately, Plaintiff has failed to show any prejudice against him if Cuéllar's testimony is not stricken. His primary concern is being reimbursed for our of pocket expenses.  Plaintiff has also failed to allege any willfulness or bad faith on Cuéllar's behalf in his failure to pay the ordered amount.  Cuéllar has failed to pay the $5,919.00 because he does not have the money.  The $5,919.00 amount will instead be entered as a partial judgment against  Cuéllar.

### 5. CONCLUSION

Plaintiff's motion for sanctions is GRANTED IN PART. The amount of $5,919.00 will be entered as a partial judgment against Defendant Cuéllar.

IT IS SO ORDERED.

**Dated:     October 25, 2006**              /s/ Oliver W. Wanger
dd0l0                                         UNITED STATES DISTRICT JUDGE